Kevin Hughey, SBN 197323
Kristin A. Blocher, SBN 283730
Galen M. Gentry, SBN 308873
HUGHEY LAW GROUP
A Professional Corporation
520 9th Street, Suite 102
Sacramento, California 95814
Telephone: 916.596.0003
Facsimile: 916.596.0003
E-Mail: khughey@hugheylawgroup.com

Attorneys for Plaintiff
American Furniture Warehouse Corporation

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| AMERICAN FURNITURE WAREHOUSE CORPORATION, dba AMERICAN FURNITURE GALLERIES,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FURNISHING GALLERY, LLC, TRAN NGUYEN, LONG K. NGUYEN, and LORI T. NGUYEN.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR STATUTORY AND COMMON LAW TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION, CALIFORNIA UNFAIR AND UNLAWFUL BUSINESS PRACTICES, TRADEMARK DILUTION, UNJUST ENRICHMENT, AND INJURY TO BUSINESS REPUTATION**<br><br>**JURY TRIAL IS DEMANDED** |

Plaintiff American Furniture Warehouse Corporation hereby alleges as follows:

## THE PARTIES

1. Plaintiff American Furniture Warehouse Corporation is an active California corporation with its principal place of business at 2336 Auburn Boulevard, Sacramento, California. American Furniture Warehouse Corporation is the owner of, and since 1992 has been doing business in California under, the trademark and trade name "American Furniture Galleries."

2. At all times relevant herein, under the mark and name "American Furniture Galleries", plaintiff has operated and has been engaged exclusively in the retail furniture sales industry.

3. Plaintiff is informed and believes and thereon alleges that defendant American

Furnishing Gallery LLC, formerly known as LTLNguyen LLC, is a limited liability company organized and existing under the laws of the State of California.  Plaintiff is informed and believes and thereon alleges that defendant American Furnishing Gallery LLC is advertising and promoting its furniture business in San Joaquin County, California under the trade name "American Furnishing Gallery" and is preparing to open a retail furniture store located at 1005 E Pescadero Avenue, Suites 135-139, Tracy, California.

4.   Plaintiff is informed and believes and thereon alleges that defendant Tran Nguyen is a California resident and is a manager and member of defendant American Furnishing Gallery LLC.

5.   Plaintiff is informed and believes and thereon alleges that defendant Long K. Nguyen is a California resident and is a manager and member of defendant American Furnishing Gallery LLC.

6.   Plaintiff is informed and believes and thereon alleges that defendant Lori T. Nguyen is a California resident and is a manager and member of defendant American Furnishing Gallery LLC.

## JURISDICTION AND VENUE

7.   This is a complaint for trademark infringement, false designation of origin, trademark dilution, unfair and unlawful business practices, unjust enrichment and injury to business reputation under sections 32 and 43 of the Lanham Act, 15 U.S.C. sections 1114(1) and 1125(a) and California Business and Professions Code section 17200, *et seq*.  The Court has original jurisdiction under 15 U.S.C. sections 1121 and 1125 and 28 U.S.C. sections 1331, 1332 and 1338, as well as 28 U.S.C. section 1367.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. sections 1338 and 1367.

8.   Venue is proper in the Eastern District of California pursuant to 28 U.S.C. section 1391, *et seq*.  Defendants' infringing and tortious activities are taking place within the Eastern District, on information and belief plaintiff alleges defendants reside within the Eastern District, and the injuries to plaintiff have occurred and are occurring within the Eastern District.

## PERTINENT FACTUAL ALLEGATIONS

9.   Since 1992, plaintiff has adopted and has been doing business in the Sacramento metropolitan area and surrounding region exclusively under the name "American Furniture Galleries." From 1992 to present, plaintiff was and is the common law owner of the "American Furniture

Galleries" trademark and trade name.

10. Plaintiff and its stores operate in an industry-superior manner and offer premium furniture products and services. Plaintiff currently has four retail locations throughout the Sacramento region: Elk Grove, Rocklin, Rancho Cordova and Sacramento, and plaintiff owns and maintains the domain and website http://www.americanfurnituregalleries.net.

11. For twenty years plaintiff has expended and continues to expend considerable financial and other resources promoting and advertising its "American Furniture Galleries" name and mark, and as a result plaintiff's name, mark and brand have become famous with the relevant consumer and purchasing public and are recognized as identifying plaintiff's high-quality goods and services. The "American Furniture Galleries" name, mark, and goodwill associated therewith are valuable assets to plaintiff.

12. On January 29, 2012, plaintiff applied to the United States Patent and Trademark Office for principal registration of its "American Furniture Galleries" name and trademark, application serial number 85528039.

13. On March 19, 2013, the USPTO issued to plaintiff trademark principal registration, registration number 4,303,909. Plaintiff, therefore, is the common law and statutory owner of the registered "American Furniture Galleries" mark.

14. San Joaquin County public records show that, on or around April 27, 2016, defendant American Furnishing Gallery LLC[1], recorded a fictitious business name statement with the San Joaquin County Clerk Recorder stating its intention to use the name "American Furnishing Gallery."

15. In or around May 2016, plaintiff became aware that construction and improvement had been undertaken at a retail storefront located at 1005 East Pescadero, Suites 135-139, Tracy, California with a large sign showing the name "American Furnishing Gallery" prominently displayed. Upon further investigation, plaintiff found that defendants intend to open a retail furniture business at such location and also intend to utilize such name and mark in the advertising, promotion and operation of the business.

---

[1] At that time, defendant American Furnishing Gallery LLC was still officially named LTLNguyen LLC.

16.     Plaintiff believes that defendants' use of such confusingly similar name and mark has led and will lead prospective, current or former consumers to believe that plaintiff is opening a fifth store, one which may reflect poorly on plaintiff's reputation, brand, goodwill, other stores and operations as a whole.  Plaintiff also believes that defendants' use of the confusingly similar name or mark has or will cause plaintiff lost sales and sales opportunities.

17.     On June 30, 2016, defendant American Furnishing Gallery LLC filed an Amendment to Articles of Organization of a Limited Liability Company (LLC) with the California Secretary of State, officially changing its name from LTLNguyen LLC to "American Furnishing Gallery LLC."

18.     Plaintiff is not, in fact, in any way affiliated with defendants and has discovered defendants' use of the "American Furnishing Gallery" mark or name. "American Furnishing Gallery" is confusingly similar to plaintiff's "American Furniture Galleries" mark and name.  Plaintiff has not licensed or otherwise consented to defendants' use of its name or mark, or any similar name or mark.

19.     On July 20, 2016, plaintiff sent defendants via certified mail a cease and desist letter demanding that defendants cease using the confusingly similar name or mark and defendants have willfully and maliciously refused to cease using the name or mark.

20.     On July 27, 2016, defendants caused to be recorded a proof of publication of the name American Furnishing Gallery with the San Joaquin County Clerk Recorder.

21.     Plaintiff is informed and believes and thereon alleges that defendants are using the confusingly similar "American Furnishing Gallery" name or mark with actual knowledge of plaintiff's use and ownership of its "American Furniture Galleries" name and mark and that defendants do so with the intent and desire to confuse consumers and others in the retail furniture sales industry and in conscious disregard of plaintiff's rights.

**CAUSES OF ACTION**
**FIRST CAUSE OF ACTION**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

22.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 21 above.

23.     Defendants' use of the "American Furnishing Gallery" name and mark, which is confusingly similar to plaintiff's "American Furniture Galleries" name and mark, has caused and is

likely to continue causing confusion and mistake and such use infringes upon plaintiff's trademark and other rights. Defendants' use of the infringing name and mark deceives and is likely to deceive consumers and purchasers into believing that defendants' goods and services are sponsored by or in some way affiliated with plaintiff and therefore constitutes trademark infringement.

24. Defendants' infringement of plaintiff's trademark is willful and deliberate and intended to reap the benefit of plaintiff's rights, trademark, brand, goodwill and reputation.

25. Plaintiff has been and continues to be damaged in a manner that cannot be fully measured or compensated in monetary terms and for which there is no adequate remedy at law. Defendants' actions have damaged and continue to damage plaintiff's rights, brand, reputation and goodwill and such irreparable harm will continue unless defendants' acts are restrained or enjoined.

26. As a direct and proximate cause of defendants' actions, plaintiff has been damaged in amounts to be proven at trial.

Wherefore, plaintiff prays for relief as set forth below.

**SECOND CAUSE OF ACTION**
**COMMON LAW TRADEMARK INFRINGEMENT**

27. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 21 above.

28. Prior to and since its March 19, 2013 registration, plaintiff had and maintains common law rights to the "American Furniture Galleries" name and mark.

29. Defendants' use of the "American Furnishing Gallery" name and mark, which is confusingly similar to plaintiff's "American Furniture Galleries" name and mark, has caused and is likely to continue causing confusion and mistake and infringes plaintiff's trademark and other rights. Defendants' use of the infringing name and mark deceives and is likely to deceive consumers and purchasers into believing that defendants' goods and services are sponsored by or in some way affiliated with plaintiff and therefore constitutes trademark infringement.

30. Defendants' infringement of plaintiff's rights and trademark is willful and deliberate and intended to reap the benefit of plaintiff's trademark, brand, goodwill and reputation.

31. Plaintiff has been and continues to be damaged in a manner that cannot be fully measured or compensated in monetary terms and for which there is no adequate remedy at law.

1  Defendants' actions have damaged and continue to damage plaintiff's rights, brand, reputation and
2  goodwill and such irreparable harm will continue unless defendants' acts are restrained or enjoined.

3      32. As a direct and proximate cause of defendants' actions, plaintiff has been damaged in
4  amounts to be proven at trial.

5      Wherefore, plaintiff prays for relief as set forth below.

**THIRD CAUSE OF ACTION**
**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**
**(15 U.S.C. § 1125(a))**

8      33. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 21 above.

9      34. Defendants' use of the infringing name and mark constitutes false designation of origin,
10 false or misleading description, and false or misleading representation. Defendants' unauthorized use
11 has caused and continues to cause confusion, mistake, or deception of others as to the perceived
12 connection or affiliation between defendants and plaintiff. Defendants' unauthorized use of the
13 infringing name and mark has caused and continues to cause confusion, mistake, or deception of others
14 as to the origin, sponsorship or approval of the goods and services of defendants to those of plaintiff's.

15     35. Such false designation, description or representation constitutes unfair competition and
16 is an infringement of plaintiff's rights.

17     36. Defendants knew or should have known of plaintiff's rights and therefore defendants'
18 false description, false representation and false designation of origin were knowing, willful and
19 deliberate.

20     37. Plaintiff has been and continues to be damaged in a manner that cannot be fully
21 measured or compensated in monetary terms and for which there is no adequate remedy at law.
22 Defendants' actions have and continue to damage plaintiff's rights, brand, reputation and goodwill and
23 such irreparable harm will continue unless defendants' acts are restrained or enjoined.

24     38. As a direct and proximate cause of defendants' actions, plaintiff has been damaged in
25 amounts to be proven at trial.

26     Wherefore, plaintiff prays for relief as set forth below.

27 ///
28 ///

**FOURTH CAUSE OF ACTION**
**CALIFORNIA UNLAWFUL AND UNFAIR COMPETITION**
**(Cal. Bus. & Prof. Code § 17200, *et seq*.)**

39. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 21 above.

40. Defendants committed the above-described unlawful, unfair and fraudulent acts, including, but not limited to, infringing plaintiff's trademark rights and misappropriating plaintiff's name and mark in violation of California Business and Professions Code section 17200, *et seq*.

41. Defendants' actions have caused and are likely to continue causing confusion or mistake among consumers and purchasers as to the origin or affiliation of defendants' products and services vis-à-vis those of plaintiff's. The unlawful and unfair competition has caused and is likely to continue causing irreparable harm unless defendants' acts are restrained or enjoined.

42. Defendants' acts and omissions were and are unfair, unlawful and fraudulent.

43. As a direct and proximate cause of defendants' actions, defendants' have been unjustly enriched and plaintiff is entitled to restitution in amounts to be proven at trial.

Wherefore, plaintiff prays for relief as set forth below.

**FIFTH CAUSE OF ACTION**
**TRADEMARK DILUTION**

44. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 21 above.

45. As a result of more than twenty years of plaintiff's use and promotion of the "American Furniture Galleries" name and mark for furniture products and services, the name and mark have become famous in the California Central Valley region and elsewhere. Plaintiff's sales and promotion of its products and services under the "American Furniture Galleries" name and mark have been substantial and extensive.

46. Defendants' unauthorized use of the confusingly similar "American Furnishing Gallery" name and mark constitutes a commercial use in commerce and dilutes the distinctive brand, quality and reputation of plaintiff's "American Furniture Galleries" name and mark.

47. Defendants willfully intended to trade on and unjustly profit from plaintiff's brand, quality and reputation and to cause dilution of plaintiff's name and mark.

48. Plaintiff has been and continues to be damaged in a manner that cannot be fully

measured or compensated in monetary terms and for which there is no adequate remedy at law. Defendants' actions have damaged and continue to damage plaintiff's rights, brand, reputation and goodwill and such irreparable harm will continue unless defendants' acts are restrained or enjoined.

49. As a direct and proximate cause of defendants' actions, plaintiff has been damaged in amounts to be proven at trial.

Wherefore, plaintiff prays for relief as set forth below.

### SIXTH CAUSE OF ACTION
### UNJUST ENRICHMENT

50. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 21 above.

51. As a result of defendants' infringement and other unlawful acts and omissions, defendants' have been wrongfully and unjustly enriched through use of confusingly similar name and misuse of plaintiff's brand, reputation and goodwill.

52. It would be inequitable for defendants to enjoy and benefit from their wrongful conduct and unjust enrichment.

53. As a direct and proximate cause of defendants' actions, defendants have been unjustly enriched and plaintiff is entitled to restitution in amounts to be proven at trial.

Wherefore, plaintiff prays for relief as set forth below.

### SEVENTH CAUSE OF ACTION
### COMMON LAW INJURY TO BUSINESS REPUTATION

54. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 21 above.

55. Defendants' use of the confusingly similar name and mark has injured and creates a likelihood of further injury to plaintiff's business reputation in that consumers and purchasers encountering defendant American Furnishing Gallery LLC's inferior products, services and brand have believed and are likely to continue believing that American Furnishing Gallery LLC is affiliated with or related to plaintiff, and any adverse reaction by the public to defendants' products or services have and will continue to injure plaintiff's business reputation and the successful brand and goodwill plaintiff enjoys in connection with its name and mark.

56. As a direct and proximate cause of defendants' actions, plaintiff has been damaged in

8
Complaint


8
Complaint

amounts to be proven at trial.

Wherefore, plaintiff prays for relief as set forth below.

### **PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

1. Actual damages in amounts to be proven at trial;
2. Special and consequential damages in amounts to be proven at trial;
3. Trebled damages under 15 U.S.C. section 1117(a) and (b) due to defendants' willful infringement;
4. In the alternative, under 15 U.S.C. section 1117(c), statutory damages for each and every of defendants' counterfeit mark(s);
5. Trebled damages under 15 U.S.C. section 1116(d) due to defendants' use of counterfeit marks;
6. Trebled damages under 15 U.S.C. section 1117(a) due to defendants' willful unlawful and unfair competition;
7. Restitution in amounts to be proven at trial, including, but not limited to, under 15 U.S.C. section 1117(a), any and all profits defendants have realized or received as a result of their wrongful conduct;
8. Punitive damages in amounts sufficient to dissuade and prevent other such malicious, fraudulent, oppressive and wrongful acts and omissions;
9. An order compelling the seizure and impounding of all infringing materials or items sold, offered for sale, marketed, distributed or otherwise used by defendants pursuant to 15 U.S.C. section 1116(d)(1)(A);
10. Plaintiff attorneys' fees and costs of suit;
11. Injunctive relief preventing defendants from (a) further use of their confusingly similar name, (b) misuse and further damage to plaintiff's brand, reputation and goodwill, and (c) any additional unlawful or unfair competition, including, but not limited to, further use of their confusingly similar name or mark and any additional consumer confusion or fraud;

12. Pre-judgment interest on any and all amounts awarded plaintiff;

13. Such other relief as the Court may deem proper or appropriate.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands, pursuant to FRCP 38, a trial by jury on all issues so triable.

Dated:   August 17, 2016                     HUGHEY LAW GROUP


     */s/ Galen M. Gentry*_____
KEVIN HUGHEY
KRISTIN A. BLOCHER
GALEN M. GENTRY
Attorneys for Plaintiff